SAMUEL WOOD and EPHRAIM T. GILL et al.

*v.*

HADDONFIELD AND CAMDEN TURNPIKE COMPANY et al.

[Decided April 14th, 1913.]

1. On a bill filed by trustees under a mortgage securing an issue of bonds, defendant bondholders will not be permitted by way of cross-bill to set up and ·charge the trustee-complainants with dereliction of duty and betrayal of their trust with respect to condemnation proceedings

affecting part of the mortgaged premises whereby they were taken at a greatly depreciated sum, causing loss of mortgage security for which the trustees are asked to account.

2. The defendants' cause for complaint, i. e., that the trustee-complainants defaulted in the discharge of their duties and consequently were liable in damage to their *cestui que trustent* (which liability is attempted to be enforced by the cross-bill), is limited to the scope of a foreclosure bill to collect the trust fund.

3. The scope of the foreclosure proceedings is restricted to the issues arising between the complainants representing the bondholders on the one hand, and subsequent encumbrancers and the holder of the equity of redemption on the other, relating exclusively to their respective status in the mortgaged lands, and is not comprehensive of a final adjustment and settlement of the trust estate.

4. The new facts which it is proper for a defendant to introduce into a pending litigation, by means of a cross-bill, are such, and such only, as it is necessary for the court to have before it in deciding the questions raised in the original suit, to enable it to do full and complete justice to all the parties before it in respect to the cause of action on which the complainant rests his right to aid or relief. If a defendant, in filing a cross-bill, attempts to go beyond this, and to introduce new and distinct matter, not essential to the proper determination of the matter put in litigation by the original bill, although he may show a perfect case against either the complainant, or one or more of his co-defendants, his pleading will not be a cross-bill, but an original bill.

5. A cross-bill implies a bill brought by a defendant against the complainant in the same suit, touching the matter in question in the original bill. It is brought either to obtain a discovery of facts in aid of the defence to the original bill, or to obtain full and complete relief to all parties as to the matter charged in the original bill.

6. A cross-bill should not introduce new and distinct matters not embraced in the original bill, as they cannot be properly examined in that suit, but constitute the subject-matter of an original, independent suit. The cross-bill is auxiliary to the proceeding in the original suit, and a dependency upon it. If its purpose be different from this it is not a cross-bill, though it may have a connection with the same general subject. A cross-bill must be confined to the subject-matter of the original bill. If it introduces new matter not embraced in the original bill it becomes itself an original bill.

7. The defendants' cause for complaint, i. e., that the trustee-complainants defaulted in the discharge of their duties and consequently were liable in damages to their *cestui que trustent* (which liability is attempted to be enforced by the cross-bill), is foreign to the limited scope of a foreclosure bill to collect a trust fund.

On motion to strike out cross-bill.

*Mr. George J. Bergen,* for the motion.

*Mr. Edward A. Armstrong, contra.*

WALKER, CHANCELLOR.

On October 1st, 1891, the Haddonfield and Camden Turnpike Company executed eighty bonds of $500 each, payable to bearer in twenty years, with interest. The bonds are all outstanding and unpaid. At the same time the company executed its mortgage to the trustee-complainants in trust, conveying certain lands and premises, franchises, &c., to secure the payment of the principal and interest of the bonds. Default having been made in the payment of interest, a bill was filed by the trustees (in which they were joined by two of the bondholders) to foreclose the mortgage. The West Jersey Traction Company owns seventy-two and the Public Service Corporation owns two of said bonds. All of the bondholders are parties to the suit except an unknown holder of one bond. After the making of the mortgage, the defendants, the traction company and the Public Service Corporation, acquired interests in the mortgaged premises. They have answered, and by way of cross-bill set up their bondholdings, and charge the trustee-complainants with dereliction of duty and betrayal of their trust, in fact, as is alleged, they failed to properly resist and defend, and on the contrary gave active counsel and assistance in proceedings instituted by the freeholders of Camden county, whereby the turnpike, part of the mortgaged premises, claimed to be worth upwards of one hundred thousand dollars ($100,000), was condemned and taken for a public highway at the greatly depreciated figure of *twelve thousand dollars* ($12,000). This loss of mortgage security is charged against the trustees, and for which they are asked to account. The trustee-complainants move to strike out the cross-bill, contending that the complaint set up is not germane to the subject-matter of the original bill, and that if these defendants are entitled to relief, it must be by means of an independent suit.

The complainants' bill is in the usual form in foreclosure cases. The action is *in rem* (*Wilt. Mort. Forcl.* § *31; Dolman* v. *Cook, 14 N. J. Eq. (1 McCart.) 56*), operating only upon the mortgaged premises, barring the defendants of their rights in the land by decree and sale and shifting these rights to the proceeds out

of which the complainants and defendants are to be paid in the order of their legal priority. The scope of the proceedings is restricted to the issues arising between the complainants representing the bondholders on the one hand, and subsequent encumbrancers and the holder of the equity of redemption on the other, relating exclusively to their respective status in the mortgaged lands, and is not comprehensive of a final adjustment and settlement of the trust estate, as the defendants contend. In these circumstances, to intrude a demand of the *cestui que trustent* for discovery and accounting by the trustees, based on malfeasance or misfeasance in office, would be most inappropriate.

Vice-Chancellor Van Fleet, in *Krueger* v. *Ferry, 41 N. J. Eq. (14 Stew.) 432,* speaking of the office of cross-bill, says:

"The new facts which it is proper for a defendant to introduce into a pending litigation, by means of a cross-bill, are such, and such only, as it is necessary for the court to have before it in deciding the questions raised in the original suit, to enable it to do full and complete justice to all the parties before it in respect to the cause of action on which the complainant rests his right to aid or relief. If a defendant, in filing a cross-bill, attempts to go beyond this, and to introduce new and distinct matter, not essential to the proper determination of the matter put in litigation by the original bill, although he may show a perfect case against either the complainant, or one or more of his co-defendants, his pleading will not be a cross-bill, but an original bill."

In *Fidelity Trust and Safety Vault Co.* v. *Mobile Street Railway Co., 53 Fed. Rep. 850,* the court in prescribing the limitations of a cross-bill, adopts the language of the opinion in *Stonemetz Printers' Machine Co.* v. *Brown Folding Machine Co., 46 Fed. Rep. 851,* viz.:

"A cross-bill implies a bill brought by a defendant against the plaintiff in the same suit, touching the matter in question in the original bill. It is brought either to obtain a discovery of facts in aid of the defence to the original bill, or to obtain full and complete relief to all parties as to the matter charged in the original bill. It should not introduce new and distinct matters not embraced in the original bill, as they cannot be properly examined in that suit, but constitute the subject-matter of an origi-

nal, independent suit. The cross-bill is auxiliary to the proceed-ing in the original suit, and a dependency upon it. If its pur-pose be different from this it is not a cross-bill, though it may have a connection with the same general subject. A cross-bill must be confined to the subject-matter of the original bill. If it introduces new matter not embraced in the original bill, it be-comes itself an original bill."

This case was one of mortgage foreclosure by trustees in which bondholders intervened to recover damages from the trustees for improper execution of the trust, and although it was reversed in *Gasquet* v. *Fidelity Trust and Safety Vault Co.*, *57 Fed. Rep. 80,* it will be found that the reversal was due to a conception, based upon the comprehensive proceedings below, that the bill was one for a "final settlement and disposition of a trust fund." The doc-trine of the case has not been questioned. It has been cited with approval in *Stuart* v. *Hayden (Circuit Court).* *72 Fed. Rep. 402; Kilbourn* v. *Hirner (Circuit Court), 163 Fed. Rep. 539.*

*Haberman* v. *Kaufer, 60 N. J. Eq. (15 Dick.) 271,* cited on the brief of the defendants, is readily distinguishable from the case at bar. In that case the complainant sought to defeat be-quests as charges upon land of which he claimed to be the equi-table owner by virtue of a contract of sale from the testator, which contract he endeavored to enforce. The legatees answered, denying the contract, and by cross-bill prayed a decree that the land be sold to pay their legacies. Vice-Chancellor Grey, in re-fusing to dismiss the cross-bill, points out this situation to be one in which the cross-bill is proper, viz.:

"Where the relief sought by the cross-bill affects the same sub-ject-matter dealt with in the original bill, and the denial of relief to the original complainant will, under the circumstances of the case, be substantially a declaration that the affirmative relief sought by the cross-bill should be adjudged."

The defendants' cause for complaint, *i. e.,* that the trustee-complainants defaulted in the discharge of their duties, and, con-sequently, were liable in damage to their *cestui que trustent* (which liability is attempted to be enforced by the cross-bill), is foreign to the limited scope of a foreclosure bill to collect the trust fund.

The motion to strike out is allowed, with costs.